IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
v.                              )     No.  06-10097-02-WEB
                                )
JESSICA K. PORTER,              )
                                )
            Defendant.          )
_____)

**Memorandum and Order**

This matter came before the court on defendant Jessica Porter's objection to the Presentence Report. The court ruled orally on the objection at the sentencing hearing of October 2, 2006. This written memorandum will supplement the court's oral ruling.

Defendant's sole objection to the PSR concerns the amount of restitution. Defendant states that the restitution figure of $24,494.46 in the PSR includes not only checks that were written by she and her husband (James Lee Porter) when they were together, but also checks that were written by James Lee Porter and his girlfriend, Angela Martinez, at a time when the defendant and Mr. Porter were separated.

Under USSG § 1B1.3, in a case of jointly undertaken criminal activity the defendant is responsible for all reasonably foreseeable acts of others done in furtherance of the jointly undertaken criminal activity, as well as all harm resulting from those acts. The uncontested facts in the Presentence Report show that the defendant joined with James Porter in a scheme to use counterfeit checks, and that the scheme included other individuals such as Angela Martinez. Even when the defendant was separated from Mr. Porter, both of them continued to write checks in furtherance of

the scheme, and they reunited to pass several checks. (PSR ¶ 27). The court finds that the conduct of James Porter and Angela Martinez in cashing counterfeit checks was reasonably foreseeable conduct that was in furtherance of the criminal activity jointly undertaken with the defendant. Accordingly, the court finds that the restitution figure in the Presentence Report was correctly calculated in accordance with the guidelines.

*Conclusion*.

Defendant's objection to the Presentence Report is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this   3rd   Day of October, 2006, at Wichita, Ks.

                  s/Wesley E. Brown

                  Wesley E. Brown
                  U.S. Senior District Judge