IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  06-10097-02-WEB |
| | ) | |
| JESSICA K. PORTER | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

NOW before the Court is the motion of the defendant Jessica K. Porter to correct illegal sentence pursuant to 28 U.S.C. § 2255, and the parties Joint Motion to Amend. The defendant's motion requests the court issue an order correcting the amount of restitution. The Joint Motion to Amend requests the court to amend the Judgment and Commitment Order to reflect a change in the amount of restitution.

I. Background

The defendant entered into a guilty plea to Aggravated Identity Theft, 18 U.S.C. § 1028A, Count 11 of the indictment. (Doc. 34, p.1). The plea agreement did not specify the restitution figure. (Doc. 34, p.1). At the time of sentencing, the defendant objected to the amount of restitution listed in the presentence report. (Doc. 42, p.1). The court denied the defendant's objections, and ordered restitution in the amount of $24,494.46. (Doc. 42, p.2). The defendant filed her motion to correct illegal sentence.

The defendant's motion requests correction of the amount of restitution pursuant to 28 U.S.C. § 2255 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. The defendant

1

entered a guilty plea to Count 11, which incorporates the charge of attempted bank fraud in Count 9. The defendant seeks to have restitution amended to the amount of loss directly related to the scheme to defraud the Boeing Wichita Credit Union Mears account.

In the Government's response to Defendant's motion, the United States agreed with the defendant that the amount of restitution should be limited to the activity related to Count 11. The response stated the United States would determine the victims and the amount of loss.

The parties then filed a Joint Motion to Amend the Judgment and Commitment Order. The parties agreed restitution should be made to Beds for Less in the amount of $2,360.56.

II. Discussion

The defendant's motion to correct illegal sentence pursuant to 28 U.S.C. § 2255 alleges improper grounds for a habeas motion. 28 U.S.C. § 2255 only allows the court to grant relief to prisoners claiming the right to be released. *United States v. Satterfield*, 218 Fed.Appx. 794, 796 (10th Cir.2007), citing *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir.2003). Challenges to restitution orders are not cognizable. *Satterfield* at 795. The defendant is not claiming a right to be released. The defendant is requesting an amendment or correction to the restitution order. The court has no jurisdiction under 2255 to grant such a request.

The district court is authorized to amend a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir.1996), citing *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir.1994). District courts do not have inherent jurisdiction to modify a sentence at any time. *Blackwell* at 949.

Federal Rules of Criminal Procedure 35 and Rule 36 give the court authority to amend a

defendant's sentence.  Rule 35 allows the court to correct a sentence within seven days if the sentence was a result of clear error.  Rule 36 allows the court to correct a clerical error in judgment or order.  Neither section applies to the defendant.

Only limited statutory provisions allow the court to amend a Restitution Order.

> 18 U.S.C. § 3664(k) A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.
>
> and
>
> 18 U.S.C. § 3664(o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that–
> (1) such a sentence can subsequently be-
>     (A) Corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 253 of this title;
>     (B) appealed and modified under section 3742;
>     (C) amended under subsection (d)(5); or
>     (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

The provisions contained within 18 U.S.C. § 3664 are not satisfied by the defendant's 2255 motion or the Joint Motion to Amend.  Neither party has provided the court with any facts or reason by which this court has jurisdiction to amend the restitution as ordered at the time of sentencing.

Defendant's Motion to Correct Illegal Sentence under 28 U.S.C. § 2255 (Doc. 46) is DENIED as the court is without jurisdiction to grant the motion.

The parties Joint Motion to Amend (Doc. 48) is DENIED as the court is without

jurisdiction to amend the final order of judgment.

      IT IS SO ORDERED this 30th day of August, 2007, at Wichita Kansas.


                                  s/ Wesley E. Brown
                                  Wesley E. Brown
                                  U.S. Senior District Judge